BARANSKI v. LORENGER

ASSAULT AND BATTERY—DIRECTED VERDICT—EVIDENCE.
   Trial court's direction of verdict in an action by a 10-year-old girl and her parents against a 12-year-old boy and his parents alleging that the boy threw a piece of dirt at the girl and injured her, on the ground that the jury could only engage in conjecture about who threw the dirt, *held*, reversible error, where the evidence showed that defendant boy was throwing dirt in the girl's direction, that the portion of the girl's head which was struck was turned toward the boy, and that the boy was the only person in the area from where the dirt came except for a 5-year-old child in a stroller.

Appeal from Macomb, Gallagher (Edward J.), J. Submitted Division 2 November 11, 1968, at Lansing. (Docket No. 3,802.)   Decided December 24, 1968.

REFERENCE FOR POINTS IN HEADNOTE
6 Am Jur 2d, Assault and Battery § 204 *et seq.*

Complaint by Donna Marie Baranski, by Dolores A. Baranski, her guardian, and Carl A. Baranski and Dolores A. Baranski, individually, against Mark Lorenger, a minor, and Edward Lorenger and Monica Lorenger, for damages for injuries caused by an object thrown by the defendant, Mark Lorenger. Directed verdict and judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Robert L. Coburn,* for plaintiffs.

*Steve S. Michaels* and *Carl W. Huhn,* for defendants.

R. B. BURNS, J. Plaintiffs appeal a directed verdict for defendants of no cause of action.

Throughout this opinion plaintiff will refer to Donna Marie Baranski and defendant will refer to Mark Lorenger.

Plaintiff, defendant and several other children were at a vacant lot which contained piles of fill dirt. Plaintiff was about 10 years of age and defendant was 12 years of age at the time. The children decided to play a game whose object was to knock down opposing forts built from the fill dirt by throwing clumps of dirt at them. Plaintiff, her younger brother and two girls were at one fort. Defendant and his younger brother were at the other fort. During the exchange of fire between the two forts, plaintiff was struck and injured in the head by an object.

Plaintiffs alleged defendant willfully, wrongfully, and intentionally threw the missile which struck plaintiff. The trial court directed a verdict against them for the reason that, from the evidence presented, the jury could only indulge in conjecture as to whether defendant threw the object that hit plain-

tiff.   The limited question on appeal is whether there was sufficient evidence on the record to require the court to submit the issue to the jury.

The evidence discloses that defendant was throwing in plaintiff's direction and objects thrown by him had passed near her.   It further discloses the injured portion of plaintiff's head was turned in the direction of defendant's fort when struck.   There was no one else in defendant's area who could have thrown the object because his brother was under 5 years of age and in a stroller at the time.

From the record the jury could draw a reasonable inference that defendant threw the missile.   This inference can rest as a logical consequence from the above facts.   The inference relied on by plaintiffs is as strong as alternative theories proposed by the defendants.   The issue should have been submitted to the jury.   See *Schedlbauer* v. *Chris-Craft Corporation* (1968), 381 Mich 217, and the cases cited therein.

Reversed and remanded for new trial.   Costs to appellants.

FITZGERALD, P. J., and ROBINSON, J., concurred.